# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

KIPB LLC,

        Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG SEMICONDUCTOR, INC.;
SAMSUNG AUSTIN SEMICONDUCTOR, LLC;
AND QUALCOMM GLOBAL TRADING PTE.
LTD.,

        Defendants.

Case No. 2:19-cv-00056-JRG-RSP

**JURY TRIAL DEMANDED**

## QUALCOMM'S MOTION TO DISMISS THE COMPLAINT
## UNDER FED. R. CIV. P. 12(B)(2) AND FED. R. CIV. P. 12(B)(6)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................ 1

II. FACTUAL BACKGROUND ....................................................................... 3

III. ARGUMENT ............................................................................................... 5

    A.     Plaintiff's Direct Infringement Claims Should Be Dismissed ................................ 5

    B.     Plaintiff's Indirect Infringement Claims Should Be Dismissed ............................ 7

    C.     Plaintiff's Willful Infringement Claims Should Be Dismissed ............................. 9

    D.     Plaintiff's Unsupported Request For Injunctive Relief Should Be Stricken ........ 10

    E.     Plaintiff's Complaint Should Be Dismissed for Lack of Personal Jurisdiction.... 11

IV. CONCLUSION ........................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*,
   501 F.3d 1307 (Fed. Cir. 2007)............................................................................8

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) .....................................................................9

*Akro Corp. v. Luker*,
   45 F.3d 1541 (Fed. Cir. 1995)............................................................................11

*Am. Type Culture Collection, Inc. v. Coleman*,
   83 S.W.3d 801 (Tex. 2002)................................................................................12

*Apple Inc. v. Samsung Elecs. Co.*,
   735 F.3d 1352 (Fed. Cir. 2013)..........................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................1, 7, 11

*AstraZeneca Pharms. LP v. Apotex Corp.*,
   669 F.3d 1370 (Fed. Cir. 2012)............................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................7

*Bianco v. Globus Med., Inc.*,
   No. 2:12-cv-147, 2012 U.S. Dist. LEXIS 163022 (E.D. Tex. Nov. 14, 2012).......11

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)....................................................................................13, 14

*Cannon Mfg. Co. v. Cudahy Packing Co.*,
   267 U.S. 333 (1925)..........................................................................................14

*Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*,
   83 F. Supp. 2d 689 (E.D. Va. 2000) ................................................................15

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006)..........................................................................................11

*Endress & Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*,
   892 F. Supp. 1123 (S.D. Ind. 1995) ..................................................................9

*Eolas Techs., Inc. v. Adobe Sys.*,
   No. 6:09-CV-446, 2010 U.S. Dist. LEXIS 58291 (E.D. Tex. May 6, 2010)............9

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)............................................................8

*Hanson v. Denckla*,
357 U.S. 235 (1958).............................................................................13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984).............................................................................12

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) ...............................................................14

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
No. 2:16-CV-0052-JRG-RSP, 2017 U.S. Dist. LEXIS 43240 (E.D. Tex. Feb.
20, 2017) ..............................................................................................10

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945).......................................................................12, 14

*KAIST IP US LLC v. Samsung Elecs. Co.*,
No. 2:16-CV-01314-JRG-RSP (E.D. Tex. filed Nov. 29, 2016) .............3

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*,
232 F.3d 1369 (Fed. Cir. 2000)...........................................................12

*McDowell v. United States*,
No. 12-1302, 2013 U.S. Dist. LEXIS 66682 (D. Del. May 10, 2013)......3

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
626 F.3d 1222 (Fed. Cir. 2010)...........................................................13

*Perlman v. Great States Life Ins. Co.*,
436 P.2d 124 (Colo. 1968)...................................................................14

*Pieczenik v. Dyax Corp.*,
265 F.3d 1329 (Fed. Cir. 2001)...........................................................11

*ReefEdge Networks, LLC v. Juniper Networks, Inc.*,
29 F. Supp. 3d 455 (D. Del. 2014)...................................................8, 10

*Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*,
301 F. Supp. 2d 545 (E.D. Va. 2004) ..................................................12

*Semiconductor Energy Lab. Co. v. Chi Mei Optoelectronics Corp.*,
531 F. Supp. 2d 1084 (N.D. Cal. 2007) .................................................8

*Silent Drive, Inc. v. Strong Indus., Inc.*,
  326 F.3d 1194 (Fed. Cir. 2003)........................................................................12

*Superior Indus., LLC v. Thor Glob. Enters. Ltd.*,
  700 F.3d 1287 (Fed. Cir. 2012).........................................................................7

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
  No. 6:12-cv-366, 2013 U.S. Dist. LEXIS 187806 (E.D. Tex. Feb. 7, 2013)...........................9

**Other Authorities**

Fed. R. Civ. P.
  8...............................................................................................................7
  12(b)(6)....................................................................................................5
  12(b)(2)..................................................................................................11
  12(f)......................................................................................................10

# I.     INTRODUCTION

Defendant Qualcomm Global Trading Pte. Ltd. ("QGT") moves to dismiss Plaintiff KIPB LLC ("KIPB")'s Complaint for patent infringement ("Complaint") for failure to state claims for direct infringement, indirect infringement and willful infringement and for lack of personal jurisdiction. Plaintiff's decision to accuse only Singaporean company QGT in this case is apparently strategic, in light of Plaintiff's prior lawsuit asserting the same patent-in-suit against QGT's parent company, San Diego-based Qualcomm Inc. But conspicuously absent from the Complaint are any factual allegations showing how **QGT** infringes any patent, directly, indirectly or willfully in the United States. QGT's motion should be granted for the following reasons.

*First*, Plaintiff's Complaint fails to plead any fact to state a claim for direct infringement. Plaintiff's Complaint fails on its face to plead any allegation that QGT makes, uses, sells or offers to sell any accused product in the United States. Instead, Plaintiff's Complaint contains allegations about Qualcomm's commercialization of the accused technology that quote from press releases published on Qualcomm's corporate website. However, the quoted press releases describe the activities of entirely different U.S.-based Qualcomm subsidiaries, with no mention or suggestion of QGT. Plaintiff has no factual basis to point to these press releases about other Qualcomm subsidiaries as evidence of acts committed by QGT. Plaintiff has pled no fact to tie Singaporean-based QGT to these U.S.-based Qualcomm subsidiaries nor any theory to explain why QGT should be imputed liability of the allegedly infringing acts of these other entities.

*Second*, Plaintiff's Complaint fails to plead any fact to state a plausible claim for indirect infringement. Plaintiff pleads general accusations based on the legal requirements of indirect infringement. However, such "bare bones" allegations are insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard . . . does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, Plaintiff's Complaint conflates QGT with other entities by improperly referring to Qualcomm Inc.'s notice and knowledge of the asserted patent from the prior lawsuit as evidence of QGT's notice and knowledge. Plaintiff's Complaint pleads no fact or theory to support the imputation of such knowledge from Qualcomm Inc. to QGT. Plaintiff's Complaint is otherwise utterly silent with respect to contributory and induced infringement by QGT.

*Third*, Plaintiff's Complaint fails to plead a claim for willful infringement. In addition to insufficient allegations of QGT's knowledge, the Complaint is entirely devoid of any factual allegation of malicious, flagrant, or other pirate-like behavior by QGT, as required for willful infringement.

*Fourth*, Plaintiff requests the extraordinary relief of an injunction without pleading a single fact in support. Plaintiff's unsupported request for an injunction should also be stricken.

*Finally*, Plaintiff has failed to meet its burden of establishing personal jurisdiction. Plaintiff's allegation that QGT is registered with the Secretary of State in Texas is untrue, and personal jurisdiction is not conferred by any in-state activities of a subsidiary. Plaintiff has failed to establish that QGT has continuous and systematic contacts in Texas, that QGT has purposefully directed activities in this state, or that such activities give rise to Plaintiff's claims. Adjudicating this action in this forum is inconsistent with fair play and justice as it would only serve Plaintiff's tactical decision to name a single foreign Qualcomm entity in this lawsuit but would be disproportionately burdensome to Singaporean-based QGT, and would not be of any more interest to residents of this state than to those of any other state.

QGT respectfully requests that the Court grant this motion.

## II. FACTUAL BACKGROUND

Defendant QGT is an indirect, wholly-owned subsidiary of Qualcomm Inc. *See* Complaint at ¶ 7; QGT's Rule 7.1 Statement filed concurrently herewith; Ex. 1-2.[1] [2] QGT is organized under the laws of Singapore and has its principal place of business at 6 Serangoon North Avenue 5, #04-02, Singapore, 554910, Singapore. *See* Complaint at ¶ 6; Ex. 1-3. Plaintiff previously tried a patent infringement lawsuit asserting U.S. Patent No. 6,885,055 (the "'055 Patent") against QGT's parent entity Qualcomm Inc. *See KAIST IP US LLC v. Samsung Elecs. Co.,* No. 2:16-CV-01314-JRG-RSP (E.D. Tex. filed Nov. 29, 2016).

Plaintiff's Complaint accuses Qualcomm's Snapdragon 835, Snapdragon 845, and Centriq 2400 line of processors. *See* Complaint at ¶ 65.

Plaintiff's Complaint alleges that "each Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and the Eastern District of Texas, and Defendants are registered with the Secretary of State to do business in the State of Texas." *Id*. at ¶ 12. The Complaint also alleges that personal jurisdiction exists because each Defendant "directly or through subsidiaries or intermediaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products within the State of Texas and the Eastern District of Texas that infringe one or more claims of patent asserted in this Complaint . . . ." *Id.*

---

[1] All exhibits are to the Declaration of Allan M. Soobert, filed concurrently herewith.

[2] A Court is entitled to consider documents outside the pleadings that are "integral to or explicitly relied upon . . ." in a Complaint when evaluating motions to dismiss. *AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370, 1378 (Fed. Cir. 2012) (holding that it was appropriate for the district court to have considered appellees' ANDA and FDA filings, Section viii statements, and proposed labeling, in considering their motion to dismiss). *See also McDowell v. United States*, No. 12-1302, 2013 U.S. Dist. LEXIS 66682 (D. Del. May 10, 2013) (granting motion to dismiss for lack of standing based on the USPTO's public assignment records where the plaintiff failed to show that ownership rights had been transferred).

The Complaint also alleges that "Defendants have committed and continue to commit acts of direct infringement by making, using, selling, offering to sell, and/or importing Accused Instrumentalities, including but not limited to the accused FinFET Technology, Chips, and Products." *Id*. at ¶ 67. The Complaint also alleges that "Defendants have actual notice of the '055 Patent and their infringing activities relating to the '055 Patent no later than the November 2016 filing of the 1314 Case." *Id*. at ¶ 70.

The Complaint also alleges that "Defendants have induced and continue to induce through affirmative acts each other, their customers, and other third parties, such as fab-less designers of FinFET Chips and end-consumers of FinFET Products, to directly infringe the '055 Patent by making, using, selling, and/or importing the Accused Instrumentalities." *Id*. at ¶ 72. The Complaint also generally alleges that "Defendants knew that the induced conduct would constitute infringement, and intended that infringement at the time of committing the aforementioned acts, such that the acts and conduct have been and continue to be committed with the specific intent to induce infringement, or deliberately avoiding learning of the infringing circumstances at the time of committing these acts so as to be willfully blind to the infringement that was induced." *Id*. at ¶ 74.

The Complaint also alleges that "Defendants have contributed and continue to contribute to the direct infringement of the '055 Patent by each other, their customers, and other third parties." *Id*. at ¶ 75. It also generally alleges that "Defendants knew of or were willfully blind to the specialized and non-commodity nature of the infringing semiconductor devices and/or processor chips, and the lack of substantial noninfringing uses." *Id*. at ¶ 78.

The Complaint also alleges that "Defendants have failed to take adequate steps to determine whether or not they were infringing or would infringe the '055 Patent, despite having

been on notice of and lacking permission to practice the '055 Patent[,]" and that "[t]herefore, Defendants are liable for infringement of the '055 Patent and their infringement has been and continues to be willful in nature." *Id.* at ¶¶ 79-80.

The Complaint concludes with a Request for Relief that seeks among other things, ongoing royalties, a finding of an exceptional case, and an injunction.

## III. ARGUMENT

### A. Plaintiff's Direct Infringement Claims Should Be Dismissed

Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because it fails to state a claim for direct infringement. Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint contains several allegations of Qualcomm's plans to develop and sell the accused FinFET technology, and quote from press releases published on Qualcomm's corporate website. For example, the following allegations in the Complaint are found at the following pages on Qualcomm's corporate website:

| Complaint | Qualcomm's Website |
|---|---|
| "According to Qualcomm, '[u]sing the new 10nm process node is expected to allow our premium tier Snapdragon 835 processor to deliver greater power efficiency and increase performance while also allowing us to add a number of new capabilities that can improve the user experience of tomorrow's mobile devices. . . .'" Complaint at ¶ 44. | The exact quote in this paragraph is found at https://www.qualcomm.com/ news/releases/2016/11/17/qualcomm-and-samsung-collaborate-10nm-process-technology-latest-snapdragon. *See* Ex. 11. |
| "In December 2016, Qualcomm announced, 'commercial sampling and conducted a live demonstration of the world's first 10nm server processor. As the first in the Qualcomm Centriq™ product family, the Qualcomm Centriq 2400 series has up to 48-cores and is built on the most advanced 10nm FinFET process technology.'" Complaint at ¶ 45. | The exact quote in this paragraph is found at https://www.qualcomm.com/news/ releases/2016/12/07/qualcomm-begins-commercial-sampling-worlds-first-10nm-server-processor-and. *See* Ex. 12. |
| "In November 2017, Qualcomm announced that it had 'started to ship its 10nm Centriq 2400 server processors in commercial quantities. . . .'" Complaint at ¶ 53. | The allegation in this paragraph paraphrases content at https://www.qualcomm.com/news/ releases/2017/11/08/qualcomm-datacenter-technologies-announces-commercial-shipment-qualcomm#_ftn1. *See* Ex. 13. |

| | |
|---|---|
| "According to Qualcomm, the 48-core Centriq 2460 processor offers 4X better performance per dollar and 45% better performance per watt." Complaint at ¶ 54. | The allegation in this paragraph paraphrases content at https://www.qualcomm.com/news/ releases/2017/11/08/qualcomm-datacenter- technologies-announces-commercial- shipment-qualcomm#_ftn1. *See* Ex. 13. |

Not a single one of these allegations or press releases refers to or suggests the involvement of Singaporean entity QGT. Qualcomm's corporate website states at its footer: "References to 'Qualcomm' may mean Qualcomm Incorporated, or subsidiaries or business units within the Qualcomm corporate structure, as applicable." *See* https://www.qualcomm.com/ news/releases/2016/11/17/qualcomm-and-samsung-collaborate-10nm-process-technology-latest- snapdragon. *See* Ex. 11. However, each of these press releases specifically describes the announcement and developments of a different subsidiary and presents no confusion as to which Qualcomm entity is intended by any general mention of "Qualcomm."

For example, the first of the above allegations (Complaint at ¶ 44) refers to a collaboration between Samsung Electronics Co., Inc. and Qualcomm Inc.'s subsidiary **Qualcomm Technologies, Inc**. In fact, the specific portion of the press release cited by the Complaint directly quotes Keith Kressin, senior vice president of product management at Qualcomm Technologies, Inc. *See* https://www.qualcomm.com/news/releases/2016/11/17/ qualcomm-and-samsung-collaborate-10nm-process-technology-latest-snapdragon. *See* Ex. 11. Qualcomm Technologies, Inc. is a U.S. company that, like its parent entity Qualcomm Inc., is based in San Diego. *See* Ex. 4-7. There is no mention of QGT in this press release or any suggestion of its involvement whatsoever.

The second of the above allegations (Complaint at ¶ 45) quotes an announcement from a different subsidiary of Qualcomm Inc., **Qualcomm Datacenter Technologies, Inc**., on its commercial sampling of a 10 nm processor. *See* https://www.qualcomm.com/news/releases/

2016/12/07/qualcomm-begins-commercial-sampling-worlds-first-10nm-server-processor-and.

*See* Ex. 12. Qualcomm Datacenter Technologies, Inc. is also a U.S. company based in San Diego, like Qualcomm Inc. and Qualcomm Technologies, Inc. *See* Ex. 8-9. Likewise, there is no mention of QGT or any suggestion of its involvement in this announcement.

The third of the above allegations (Complaint at ¶ 53) quotes indirectly from an announcement by ***Qualcomm Datacenter Technologies, Inc***. on the commercial shipment of its 10 nm server processor series. *See* Ex. 12. The fourth of the above allegations (Complaint at ¶ 54) relies on this same announcement. Again, there is no mention of QGT or any suggestion of its involvement in this announcement by a different Qualcomm subsidiary.

Plaintiff's Complaint fails on its face to plead any factual allegations of direct infringement by ***QGT***. Plaintiff has no basis to impute the announcements and actions of three entirely different San Diego-based Qualcomm entities to Singaporean entity QGT. Plaintiff has not alleged any other fact in support of its claim that QGT has made, used, sold, or offered to sell the accused Qualcomm products in the United States. Neither has Plaintiff alleged any fact or theory of vicarious liability, agency or alter ego to suggest that QGT should be held liable for the actions of its U.S. parent or other U.S. Qualcomm subsidiaries. Without any allegations directed to liability by QGT, the only named Qualcomm defendant in this action, Plaintiff's Complaint fails to state a claim for direct infringement.

### B. Plaintiff's Indirect Infringement Claims Should Be Dismissed

For the same reasons that the Complaint is utterly silent with respect to any acts by QGT, Plaintiff's Complaint also fails to state a claim of indirect infringement. Allegations of indirect infringement must comply with the stricter pleading requirements of *Iqbal* and *Twombly* under Federal Rule of Civil Procedure 8. *See Superior Indus., LLC v. Thor Glob. Enters. Ltd.*, 700

F.3d 1287, 1295 (Fed. Cir. 2012); *Iqbal*, 556 U.S. 662; *Bell Atl. Corp.*, 550 U.S. 544.

To establish a claim for contributory infringement, the patent owner must show: "(1) that there is direct infringement, (2) that the accused infringer had knowledge of the patent, (3) that the component has no substantial noninfringing uses, and (4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

To prevail on an inducement claim, a plaintiff must establish "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007). Specific intent requires a showing that the alleged infringer "knew or should have known his actions would induce actual infringements." *Id.* (citing *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1304 (Fed. Cir. 2006)).

Plaintiff's Complaint does not adequately plead facts showing that QGT had knowledge of the patent, as required for indirect infringement. The Complaint merely alleges that "Defendants have actual notice of the '055 Patent and their infringing activities relating to the '055 Patent no later than the November 2016 filing of the 1314 Case." Complaint at ¶ 70. However, Plaintiff again conflates QGT with its parent company Qualcomm Inc., which was the entity that was sued in the prior 1314 Case. Without more, knowledge cannot be imputed from a company to its subsidiaries. *See, e.g., ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 459-460 (D. Del. 2014) (dismissing pre-suit inducement claims where Plaintiff had alleged that Defendant's Intellectual Property VP had learned of patents at previous employer, and even if her "pre-suit knowledge of the patents-in-suit can be imputed to [Defendant], the FAC does not allege any facts showing that [the employee] had any knowledge of the accused products"); *Semiconductor Energy Lab. Co. v. Chi Mei Optoelectronics Corp.*,

531 F. Supp. 2d 1084, 1114–15 (N.D. Cal. 2007) ("Apart from general allegations regarding ownership interests, [Plaintiff] has offered no evidence that would support imputing knowledge from [Defendant] to its subsidiaries."); *Endress & Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 892 F. Supp. 1123, 1129 (S.D. Ind. 1995) (calculating damages from date of complaint against subsidiary defendant, instead of from date of notice to defendant's parent because "[k]nowledge of the March 14, 1990, infringement letter to Hawk Australia cannot be imputed to Hawk America, because actual notice in the form of a letter or another form of communication must be given to *each* infringer.").

Further, the Complaint does not include a single factual allegation that, for example: (1) (3) there are no substantial non-infringing uses of any component sold, offered or imported in the United States by **QGT**, as required for contributory infringement claims; (2) **QGT** had actively encouraged infringement by another, as required for induced infringement claims; and/or (3) **QGT** possessed the requisite specific intent for induced infringement claims.

Without a single factual allegation directed at QGT in support of its claims for indirect infringement, Plaintiff's Complaint fails to allege a plausible claim for relief. *See e.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter,* 620 F. App'x 934 (Fed. Cir. 2015) (granting motion to dismiss indirect infringement claims where Complaint contained no allegations regarding intent or specific acts caused by Defendant); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366, 2013 U.S. Dist. LEXIS 187806, at *9–13 (E.D. Tex. Feb. 7, 2013); *Eolas Techs., Inc. v. Adobe Sys.*, No. 6:09-CV-446, 2010 U.S. Dist. LEXIS 58291, at *15–16 (E.D. Tex. May 6, 2010).

### C.    Plaintiff's Willful Infringement Claims Should Be Dismissed

Plaintiff's Complaint fails to plead facts stating a claim for willful infringement.  A claim

for willful infringement requires "culpable infringement behavior, characterized as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate.'" *Huawei Techs. Co. v. T-Mobile US, Inc*., No. 2:16-CV-0052-JRG-RSP, 2017 U.S. Dist. LEXIS 43240, at *23-24 (E.D. Tex. Feb. 20, 2017) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S. Ct. 1923, 1934, 195 L. Ed. 2d 278 (2016)).  As explained above, Plaintiff's Complaint fails to adequately plead that **QGT** had any knowledge of the '055 Patent before this lawsuit, or that QGT had the intent to encourage infringement or to consciously commit any other wrongdoing.  *See ReefEdge Networks,* 29 F. Supp. 3d at 459 (dismissing willful infringement claims where Plaintiff had alleged that Defendant's employee had learned about patents at previous employer because Plaintiff "has not pled sufficient facts to successfully allege [Defendant]'s pre-suit knowledge of the patents-in-suit or that [Defendant] knowingly acted with an objectively high likelihood of infringement.").  Further, Plaintiff's Complaint does not contain a single allegation of wanton, malicious, flagrant or pirate-like behavior by QGT. Plaintiff has failed to plausibly state claim of willful infringement and its willfulness infringement allegations should accordingly be dismissed.

### D.     Plaintiff's Unsupported Request For Injunctive Relief Should Be Stricken

Plaintiff's request for a judgment of an injunction against QGT is wholly unsupported and should be stricken pursuant to Rule 12(f).[3]  For example, in order to obtain a permanent injunction in a patent infringement action, the Supreme Court has made clear that a plaintiff must satisfy the following four-factor test:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that,

---

[3] Fed. R. Civ. P. 12(f) provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

> considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The standard for a preliminary injunction is essentially the same. *See Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1361 (Fed. Cir. 2013) (citing *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 (1987)).

Plaintiff's Complaint fails to allege any facts showing that the above standards for injunctive relief are met. Instead, Plaintiff generally alleges that it "has been and continues to be irreparably harmed by Defendants' infringement of the '055 Patent." *See* Complaint at ¶ 82. Such conclusory allegations should not be accepted as true. *See Iqbal*, 556 U.S. at 678 ("First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The Complaint contains no other facts supporting its request for injunctive relief. Notably, for example, the Complaint does not allege facts showing how a non-practicing entity like Plaintiff—a U.S. subsidiary formed solely for this lawsuit and that exists merely as a vehicle to enforce the '055 Patent—should be entitled to injunctive relief. *See Bianco v. Globus Med., Inc.,* No. 2:12-cv-147, 2012 U.S. Dist. LEXIS 163022, at *6–8 (E.D. Tex. Nov. 14, 2012) (denying motion for preliminary injunction where plaintiff, a non-practicing entity, had not demonstrated how it would suffer irreparable harm). Thus, the Court should strike Plaintiff's request for injunctive relief.

### E.  Plaintiff's Complaint Should Be Dismissed for Lack of Personal Jurisdiction

This Court can dismiss a case when it lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). Once a movant challenges a court's jurisdiction over it, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant. *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir.

2001).  If the party asserting jurisdiction makes such a showing, the movant bears the burden to prove the exercise of jurisdiction would be constitutionally unreasonable.  *Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995).

Personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue here.  *Silent Drive, Inc. v. Strong Indus., Inc*., 326 F.3d 1194, 1201 (Fed. Cir. 2003).  A court can exercise personal jurisdiction over an out-of-state defendant if the forum state's long-arm statute permits jurisdiction without violating federal due process.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *LSI Indus. Inc. v. Hubbell Lighting, Inc*., 232 F.3d 1369, 1371 (Fed. Cir. 2000).  "The Texas long-arm statute reaches 'as far as the federal constitutional requirements of due process will allow.'" *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).  Thus, the analysis of Texas's long-arm statute collapses into the due-process inquiry.  Due process requires an out-of-state defendant to have minimum contacts with a forum such that maintaining suit does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe*, 326 U.S. at 316.  The minimum contacts requirement may be met by a plaintiff's showing of "general" or "specific" jurisdiction over a defendant.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Plaintiff has failed to establish "general" jurisdiction over QGT.  General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic."  *Id*. at 414-16.  Further, "the standard for imposing general jurisdiction is high."  *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 550 (E.D. Va. 2004).  Plaintiff does not even attempt to meet this "high" standard of establishing general jurisdiction, as there is no allegation in the Complaint or any other evidence provided to establish that QGT—apart from other Qualcomm entities—has "continuous and systematic" contacts in this state.

Plaintiff has also failed to establish "specific" jurisdiction over QGT. The Federal Circuit applies a three-prong test for specific jurisdiction by determining: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) (citations omitted).

To satisfy the first prong, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations omitted). Plaintiff has failed to establish that QGT has purposefully availed itself of the privilege of conducting any activities in Texas.

For example, Plaintiff alleges that "Defendants are registered with the Secretary of State to do business in the State of Texas," Complaint at ¶ 12—but that is not true for QGT. *See* Ex. 10, Soobert Decl. at ¶ 12. And, as explained above, Plaintiff's complaint is entirely devoid of any factual allegations of infringing acts by QGT anywhere in the United States—no less intentionally and specifically in Texas. As such, Plaintiff has failed to establish that QGT purposefully directed activities to residents of this state, or that there is any controversy arising out of or relating to those activities.

Instead, Plaintiff improperly attributes the acts of Qualcomm's other U.S.-based subsidiaries to QGT. *See supra* at 6-7. Plaintiff also alleges that personal jurisdiction exists

because each Defendant "through subsidiaries or intermediaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products within the State of Texas and the Eastern District of Texas . . ." *Id.* But the law does not support Plaintiff's claim that personal jurisdiction exists as a result of the actions of QGT's "subsidiaries or intermediaries." *See, e.g., Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925)*; Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) ("To the extent that [plaintiff] seeks to impute the activities of [a subsidiary] to [defendant], this argument has little traction. It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other . . . ."); *Perlman v. Great States Life Ins. Co.*, 436 P.2d 124, 125 (Colo. 1968) ("where the parent and its subsidiary maintain separate identities and charge each other for services performed, as is apparent here, the corporations will be treated as separate entities for the purpose of determining personal jurisdiction."). Other than these unsupported, bare allegations, Plaintiff has presented no basis for imputing the contacts of any other Qualcomm subsidiary to QGT.

Finally, the Court lacks personal jurisdiction because hearing this case would offend "traditional notions of fair play and substantial justice[,]" *Int'l Shoe*, 326 U.S. at 316, which require the exercise of personal jurisdiction to be reasonable, *Burger King*, 471 U.S. at 477. First, Plaintiff's decision to only accuse a foreign Qualcomm entity with minimal, if any, connection to the claims in this action serves its strategic considerations, but poses disproportionate burden to QGT. It is undisputed that QGT resides in Singapore. *See* Complaint at ¶ 6; Ex. 1-3. It would be unduly burdensome for QGT's witnesses to travel from Singapore to defend this action solely because Plaintiff wishes to litigate in this forum. Second, this Court does not have an interest in this dispute that is proportionately higher than courts in any other

- 14 -

forum. While some of this district's residents have presumably purchased and used the accused products, no evidence exists to show that residents of this district use or purchase those products more than the residents of any other district. The Court "cannot stand as a willing repository for cases which have no real nexus to th[e] district." *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 699 (E.D. Va. 2000). While this Court may want to hear this action against QGT with the Samsung defendants for reasons of judicial efficiency, the mere interest in efficiency does not override threshold legal requirements of a lawsuit, including personal jurisdiction.

The Complaint should therefore be dismissed for the additional reason that Plaintiff has failed to meet its burden of establishing that personal jurisdiction exists.

## IV.    CONCLUSION

For at least the foregoing reasons, QGT respectfully requests that the Court: (1) dismiss Plaintiff's claim for direct infringement; (2) dismiss Plaintiff's claims for indirect infringement; (3) dismiss Plaintiff's willful infringement allegations; (4) strike the Complaint's request for an injunction; and (5) dismiss the Complaint for lack of personal jurisdiction.

Date: July 31, 2019

Respectfully submitted,

/s/ Allan M. Soobert

Allan M. Soobert
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
allansoobert@paulhastings.com

Christopher W. Kennerly
Joseph J. Rumpler II
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900
chriskennerly@paulhastings.com
josephrumpler@paulhastings.com

Soyoung Jung
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
soyoungjung@paulhastings.com

*Attorneys for Defendant Qualcomm Global Trading Pte. Ltd.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 31, 2019. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Allan M. Soobert*_____