IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KIPB LLC, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | Case No. 2:19-cv-00056-JRG-RSP |
| INC.; SAMSUNG SEMICONDUCTOR, | § | |
| INC.; SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC; AND | § | |
| QUALCOMM GLOBAL TRADING | § | |
| PTE. LTD., | § | |
| | § | |
|     *Defendants*. | § | |

## **MEMORANDUM ORDER**

Before the Court is the Motion to Stay Case Pending *Ex Parte* Reexamination ("Motion to Stay") (Dkt. No. 37), which was filed by Defendants Qualcomm Global Trading Pte. Ltd., Samsung Austin Semiconductor LLC, Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc. (collectively "Defendants"). After consideration, the Court **DENIES** Defendants' Motion to Stay.

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) (quoting *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). In deciding whether to grant a stay pending *inter partes* review, this Court typically considers: "(1) whether the stay will unduly prejudice the nonmoving party; (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely result in simplifying the

case before the court." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-CV-59, 2016 WL 4394485, at *2 (E.D. Tex. May 12, 2016) (quoting *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.)). While these factors pertain to stays pending *inter partes* review, the analysis is substantially the same for *ex parte* reexamination proceedings.

## I.   SIMPLIFICATION OF THE ISSUES

Defendants argue that "[s]taying this case would substantially simplify issues and foster judicial economy" because "cancellation of the asserted claims would be binding and dispositive to the entire case and resolve all issues raised in Plaintiff's complaint." (Dkt. No. 37 at 7.) Defendants argue that "the PTO has issued a final office action rejecting all asserted claims in this case," increasing the likelihood that a stay would result in a simplification of issues. (*Id.*) Defendants argue that the rejection of the claims was a thorough rejection by three experienced Examiners. (*Id.*) Defendants argue that, in the event the final rejection is maintained after appeal, this would result in an elimination of validity, infringement, and damages issues. (*Id.* at 8.)

KIPB argues that "collateral estoppel precludes Defendants from challenging invalidity (or infringement)." (Dkt. No. 42 at 6.) KIPB therefore argues that the invalidity issues will eventually be resolved through collateral estoppel.[1] (*Id.*) KIPB cites to cases from this district, arguing that the cases suggest that this factor does not weigh in favor of a stay (the Court will address these cases further below). (*Id.* at 7.) KIPB also argues that the Court should not weigh the chance of success for the PTAB proceedings in determining whether to grant a stay. (*Id.* at 7–8 (citing *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1313 (Fed. Cir. 2014) ("[D]istrict courts

---

[1] The Court concludes that this Motion to Stay may be readily resolved without addressing the issue of collateral estoppel. Because of this and because the parties only devoted a limited amount of briefing to the collateral estoppel issue, the Court defers ruling on that issue until a it is more fully presented.

have no role in reviewing the PTAB's determinations regarding the patentability of claims[.]"))).) KIPB argues that *ex parte* reexamination proceedings do not have an estoppel effect, limiting the amount of simplification that would result from a stay. (*Id*. at 8.)

The "simplification of the issues" factor is typically the most important of the three factors. *BITCO*, 2016 WL 4394485, at *3 (quoting *NFC*, 2015 WL 1069111, at *2) ("[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court."). In analyzing whether a stay is appropriate due to parallel proceedings before the PTAB, "district courts have no role in reviewing the PTAB's determinations regarding the patentability of claims . . . ." *See VirtualAgility*, 759 F.3d at 1313.

As discussed by KIPB, courts within this district have previously addressed the simplification of the issues factor in the *ex parte* reexamination context. In *Eon Corp.IP Holdings, LLC v. Sensus USA Inc.*, Magistrate Judge Love concluded that a stay was unlikely to simplify the issues in the case or create any judicial efficiencies. No. 6:09-CV-116, 2009 WL 9506927, at *3 (E.D. Tex. Dec. 18, 2009). Judge Love explained that "[i]t is not uncommon for claims to be initially rejected in the re-examination process." *Id*. He also stated that, in a final action as of 2008, "all claims of a patent have been cancelled in only 11 % of *ex parte* reexaminations; it is more than twice as likely that all claims will be confirmed." *Id*. Those percentages still are approximately the same today, with the most recent *ex parte* reexamination statistics showing that all claims were confirmed in 21% of reexamination certificates, all claims were cancelled in 12 % of reexamination certificates, and claims were changed in 67 % of reexamination certificates. *Ex Parte* Reexamination Filing Data, September 30, 2018, https://www.uspto.gov/learning-and-resources/statistics/reexamination-information.

In *MacroSolve, Inc. v. Antenna Software, Inc.*, Magistrate Judge Mitchell addressed a situation where only a request for *ex parte* reexamination had been filed. No. 6:11-CV-00287-MHS-KNM, 2013 WL 7760889, at *2 (E.D. Tex. Aug. 30, 2013). Judge Mitchell stated that:

> the reexamination is far from complete. The ultimate outcome is unpredictable. While it is possible "some of the claims may change in this case, the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." Thus, this factor weighs against granting a stay.

*Id.* (quoting *EMG Tech., LLC v. Apple, Inc.*, 2010 U.S. Dist. LEXIS 144656, at *8–9 (E.D. Tex. Nov. 15, 2010)).

KIPB also points out that *ex parte* reexamination proceedings do not have an estoppel effect, making those proceedings distinguishable from *inter partes* review proceedings, which do have an estoppel effect in certain situations pursuant to 35 U.S.C. § 315. (Dkt. No. 42 at 8 (citing *Eon Corp IP Holdings*, 2009 WL 9506927 at *2 ("[E]x parte reexamination proceedings have no estoppel effect.")).) Without any estoppel provision in place for *ex parte* reexamination proceedings, those proceedings are even less likely to result in simplification of the issues.

Here, the Court concludes that the outcome of any PTAB appeal is far from clear at this time and that it would be improper for the Court to speculate as to the result of that appeal at this stage. This conclusion falls in line with the Federal Circuit's instruction that "district courts have no role in reviewing the PTAB's determinations regarding the patentability of claims." *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1313 (Fed. Cir. 2014). This conclusion is also consistent with the decisions reached by other courts within this district that were discussed above. *See MacroSolve*, 2013 WL 7760889, at *2; *Eon Corp*, 2009 WL 9506927, at *3. The Court also finds KIPB's argument regarding the lack of any estoppel effect for *ex parte* reexamination

proceedings to be persuasive. Weighing all of this together, the Court concludes that this factor weighs against a stay. *Id*.

## II. WHETHER THE STAY WILL UNDULY PREJUDICE THE NONMOVING PARTY

Defendants argue that KIPB will not be prejudiced by a stay as KIPB is a non-practicing entity that does not compete with Defendants. (Dkt. No. 37 at 9.) Further, Defendants argue that their request for *ex parte* reexamination was submitted four months before this suit was filed and that this motion to stay was filed concurrently with their answers to KIPB's complaint. (*Id* at 9–10.)

KIPB argues that significant prejudice could result if this stay were granted. (Dkt. No. 42 at 12–15.) KIPB argues that *ex parte* reexamination proceedings do not have an estoppel effect and that, as a result, a stay would permit a "defendant to have two bites at the [invalidity] apple." (Dkt. No. 42 at 12 (citing *Eon Corp IP Holdings,* 2009 WL 9506927 at * 2).) KIPB argues that allowing Defendants to argue the invalidity issues in this forum and in the *ex parte* reexamination proceedings would give Defendants a clear tactical advantage over KIPB. (*Id*. at 10 (citing *Smartflash LLC v. Apple Inc*., 621 Fed. App'x 995, 1003 (Fed. Cir. 2015).) KIPB argues that a stay may be very lengthy for an *ex parte* reexamination proceeding, especially if additional petitions are eventually filed. (Dkt. No. 42 at 13 (citing *Ambato Media, LLC v. Clarion Co., Ltd*., 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012) (Gilstrap, J.) (stating that *ex parte* reexamination proceedings "could [ ] take several years to reach resolution.")).)

The Court concludes that this factor weighs against a stay. Even assuming that KIPB is a non-practicing entity and that the Parties are not competitors, KIPB still has an interest in the timely enforcement of its patents. *Smartflash LLC v. Apple, Inc*., No. 6:13-CV-447-JRG, 2015 WL 3453343, at *9 (E.D. Tex. May 29, 2015), *rev'd in part on other grounds*, 621 F. App'x 995 (Fed.

Cir. 2015); *Rembrandt Wireless Techs. LP v. Samsung Elecs. Co.*, 2015 WL 627887, at *1 (E.D. Tex. Jan. 29, 2015) (Gilstrap, J.) ("[T]hat Rembrandt is not currently practicing the patents does not mean that . . . it is not prejudiced by a substantial delay of an imminent trial date."); *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014) (Davis, J.) ("ThinkOptics has an interest in timely enforcing its patents. This remains true regardless whether the parties' products directly compete."); *Ambato Media*, 2012 WL 194172, at *1. Furthermore, a stay in this case could be very lengthy, which would result in a significant delay as KIPB asserts that "the PTAB would not even complete its review of the EPR until after the August 2020 trial in this case has already concluded. And its decision is appealable to the Federal Circuit." (Dkt. No. 42 at 4–5.) Accordingly, this factor weighs against a stay.

## III. STAGE OF THE PROCEEDINGS

Defendants argue that, at the time they filed this Motion, "no discovery has taken place, trial is over a year away, and nothing significant has occurred yet in this case." (Dkt. No. 37 at 8 (citing Dkt. No. 29).) Defendants also argues that, at the time they filed the Motion to Stay, claim construction was over seven months away, fact discovery would remain open for nine months, and expert discovery would remain open for ten months. (*Id*.) Defendants argue that at this stage of the case, this factor weighs in favor of a stay. (*Id*. (citing *Veraseal LLC v. Costco Wholesale Corp*., No. 2:17-CV-00713, 2018 WL 4524122, at *2 (E.D. Tex. May 18, 2018); *Traffic Info., LLC v. Flixter, Inc*., No., 2:11-CV-00420, 2013 WL 12138862, at *1 (E.D. Tex. Sept. 19, 2013)).)

KIPB argues that it has already served its P.R. 3-1 and 3-2 Disclosures and that Samsung has already served its P.R. 3-3and 3-4 Disclosures. (Dkt. No. 42 at 10.) KIPB also asserts that "[t]he parties have already served their initial and additional disclosures under the Court's discovery order and KAIST IP US has already made a substantial production constituting its

additional disclosures." (*Id*.) KIPB argues that "Defendants fail to explain why they waited nearly six months to seek a stay." (Dkt. No. 42 at 9.) KIPB argues that Defendant's failure to diligently file their petition allowed the case to progress to a more advanced stage, making this factor weigh against a stay. (*Id*. (citing *Trover Group, Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *3–4 (E.D. Tex. Mar. 11, 2015) (Bryson, J.)).)

In *EON Corp.IP Holdings, LLC v. Sensus USA Inc*, Magistrate Judge Love has previously determined that this factor was neutral in a situation that was similar to the current situation. No. 6:09-CV-116, 2009 WL 9506927, at *4 (E.D. Tex. Dec. 18, 2009). In that case, P.R. 3-1 and 3-2 disclosures had been disclosed, and the parties had begun the discovery process. *Id*. Judge Love concluded that, "[a]lthough this case is in its early stages, it is not so early as to weigh in favor of a stay." *Id*. Judge Love also stated that, while the stage of this litigation does not weigh against granting a stay, it does not weigh in favor either." *Id*. The present case is even further developed as P.R. 3-3 and 3-4 Disclosures have already been disclosed and the parties have served initial disclosures and additional disclosures. Thus, the Court concludes that this factor is neutral at best for Defendants.

## IV.    CONCLUSION

Weighing these factors together, the Court concludes that a stay is not warranted. Accordingly, Defendants' Motion to Stay is denied.

**SIGNED this 20th day of November, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE