**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| KIPB LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | Case No. 2:19-cv-00056-JRG-RSP |
| INC., SAMSUNG SEMICONDUCTOR, | § | |
| INC., SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC, and | § | |
| QUALCOMM GLOBAL TRADING | § | |
| PTE. LTD., | § | |
| | § | |
| *Defendants*. | § | |

**SUPPLEMENTAL PROTECTIVE ORDER**

Before the Court is Plaintiff KIPB LLC's ("KIPB") and Defendants Samsung Electronics Co., Ltd.'s; Samsung Electronics America, Inc.'s; Samsung Semiconductor, Inc.'s; Samsung Austin Semiconductor, LLC's; and Qualcomm Global Trading Pte. Ltd.'s (collectively, "Parties") Joint Motion to Enter Supplemental Protective Order ("Motion"). **Dkt. No. 83**. The Parties' Joint Motion requests that the Court enter an agreed Supplemental Protective Order.

After due consideration, the Court **GRANTS** the Motion. The Court thereby **ORDERS** that the Settlement Agreement by and among KIP Co. Ltd., KIPB LLC, Apple and TSMC (the "Apple-TSMC Agreement") shall be subject to the terms of this Supplemental Protective Order:

1. <u>Designating the Apple-TSMC Agreement.</u>

The Apple-TSMC Agreement shall be designated by Plaintiff as "APPLE-TSMC RESTRICTED ATTORNEYS' EYES ONLY" subject to the limitations and guidelines set forth herein. Plaintiff shall be considered to be the producing party of the Apple-TSMC Agreement.

2. <u>Access to Material Designated as "Apple-TSMC Restricted Attorneys' Eyes Only."</u>

Material designated as "APPLE-TSMC RESTRICTED ATTORNEYS' EYES ONLY" and all information derived therefrom, including but not limited to copies, recordings, summaries, abstracts, excerpts, analyses, compilations, and the like may not, without the written consent of Apple and TSMC, be given, shown, made available to, or communicated in any way by the receiving party to anyone other than: (a) outside counsel for the receiving party; and (b) supporting personnel employed by such outside counsel of the receiving party, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services. If filed with the Court, the Apple-TSMC Agreement must be filed under seal pursuant to L.R. CV-5(a)(7).

3. <u>Disclosure of Material Designated as "Apple-TSMC Restricted Attorneys' Eyes Only" to Experts or Consultants</u>

If a party intends to disclose any documents designated as "APPLE-TSMC RESTRICTED ATTORNEYS' EYES ONLY" to its proposed expert or consultant, that party must send an email to (i) Apple at prod_requests@apple.com with a copy to hcannom@wscllp.com, and (ii) TSMC at David.McCombs@haynesboone.com. The emails to Apple and TSMC must include (i) a signed Confidentiality Agreement in the form attached as Appendix A to the Protective Order, (ii) the resume or curriculum vitae of the proposed expert or consultant, the expert's or consultant's business affiliation, and (iii) any current and past consulting

relationships in the industry. Each of Apple and TSMC will thereafter have ten (10) business days from receipt of the signed Confidentiality Agreement to object to any proposed individual. Any objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If Apple, TSMC, and/or the impacted parties are unable to resolve any objection, the objecting non-party may apply to the presiding judge within fifteen (15) days of the notice, or within such other time as the Parties may agree, to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by Apple and TSMC, or if any objection is made, until the parties have resolved the objection, the presiding judge has ruled upon any resultant motion, or after (15) days after the objection is made, or other time agreed by the parties, if a motion is not filed with the presiding Judge to resolve the objection.

4. <u>Use of Material Designated as "Apple-TSMC Restricted Attorneys' Eyes Only" at hearing or trial</u>

If a party intends to use any documents designated as "APPLE-TSMC RESTRICTED ATTORNEYS' EYES ONLY" at hearing or at trial, that party must provide Apple and TSMC with notification at the email addresses provided in Paragraph 3, above, of such intended use at least ten (10) business days before the hearing or trial is scheduled. If a hearing or trial is scheduled less than ten (10) days in advance, the party must provide Apple and TSMC with notification of such intended use as soon as possible under the circumstances. If the party is unwilling or unable to seek protections in the courtroom for use of the documents designated "APPLE-TSMC RESTRICTED ATTORNEYS' EYES ONLY," Apple or TSMC may apply to the presiding judge to seek such protections. There will be no use of documents designated as "APPLE-TSMC RESTRICTED ATTORNEYS' EYES ONLY" in open court during the above-

identified notification period, unless that period is waived by Apple and TSMC, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

**SIGNED this 5th day of May, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE